ON APPLICATION FOR REHEARING
liPER CURIAM.*
On application for rehearing, plaintiffs only argue that they are entitled, in view of the reduction of the judgment to an amount below the statutory maximum for general damages, to the medical expenses of $55,000, which the jury awarded but the court of appeal set aside.
We agree that plaintiffs under these circumstances are entitled to recover their proved medical expenses.[1] However, *154 the only medical expenses proved in this record to be attributable to the injury caused by defendants’ negligence were the costs of the hip surgery and the follow-up treatment for about seven weeks ^following the surgery. The total amount of these medical expenses was $7,556.30.
Accordingly, the application for rehearing is granted in part, and the judgment of this court on original hearing is amended to increase the principal amount from $150,000 to $157,556.30. The application is otherwise denied.

 Johnson, J., not on panel.

. The jury, in addition to awarding plaintiffs the statutory maximum of $500,000 for general damages, awarded medical expenses of $55,000. On appeal, the intermediate court (for reasons to which this court does not necessarily subscribe) held that "[t]he trial court erred by failing to limit the damage award to $500,000_" Merritt v. Karcioglu, 95-1335, 95-1336 (La.App. 4 Cir. 1/19/96); 668 So.2d 469, 479. This court's denial at 96-0435 (La.4/26/96); 672 So.2d 677 of plaintiffs’ application for certiorari, which complained of the appellate court’s limitation of the amount of the judgment to $500,000, does not *154 preclude our awarding the proved medical expenses now that those medical expenses and the reduced amount of general damages do not exceed $500,000.